IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER HENRY PRICE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-01302-L (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Walter Henry Price, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. While the petition was pending, Price also filed a "Motion for Judgment" (ECF No. 12) and a "Motion for Immediate Injunction" (ECF No. 13). For the following reasons, the District Court should DISMISS Price's petition or, in the alternative, DENY it. The Court should also DENY his "Motion for Judgment" (ECF No. 12) and his "Motion for Immediate Injunction" (ECF No. 13).

I.

Price was convicted of four counts of aggravated robbery and theft of property valued at $750 to $20,000 in the 194th District Court of Dallas County, Texas in Cause No. F-9775801-QM. On November 24, 1997, he was sentenced to 25 years in prison.

1

On September 18, 2018, Price became eligible for release on parole. He was subsequently released on parole, but his parole was revoked on April 30, 2019. (ECF No. 13 at 1.) Because of his parole revocation, Price lost 339 days of street-time credit.[1] Due to this loss of street-time credit, his sentence discharge date was moved from March 8, 2021 to February 10, 2022.

Price filed his § 2254 petition (ECF No. 3) in this Court on May 19, 2020. In his sole claim, Price argues that he was never advised that if he violated his parole, his sentence discharge date would be extended due to the loss of street-time credit. Respondent argues the petition should be dismissed because Price's claim is both unexhausted and meritless.

II.

**1. Unexhausted Claim**

Before a state prisoner seeks a federal writ of habeas corpus, he must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). In Texas, a petitioner can exhaust his state remedies by pursuing one of two avenues: (1) he can present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review; or (2) he can file an application for writ of habeas corpus in the Texas Court of Criminal Appeals. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A claim is deemed unexhausted if a petitioner has the right under state law to raise

---

[1] The term "street-time credit" refers to calendar time a defendant receives towards his sentence for days he spent on parole or mandatory supervision. *Ex parte Spann,* 132 S.W.3d 390, 392 n. 2 (Tex. Crim. App. 2004).

it through any available procedure and fails to do so. 28 U.S.C. § 2254(c). Exhaustion can be excused only when a petitioner can demonstrate "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Federal courts dismiss without prejudice a federal petition for writ of habeas corpus when the grounds contained therein have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

    Here, Price claims that his parole was revoked in Harris County, Texas on April 30, 2019. (ECF No. 3 at 5; ECF No. 13 at 1.) He further claims that "he has exhausted all state remedies [and] that this court has jurisdiction to hear and consider" his case. (ECF No. 13 at 2.) However, a review of the online records at the Texas Court of Criminal Appeals reveals that Price did not file anything in that court after April 30, 2019, so that court cannot possibly have addressed his claim on the merits. Price also fails to allege a situation suggesting "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. With the filing of his federal habeas petition, Price bypassed the State of Texas courts and presented his unexhausted claim to this federal court. This prevented the Texas Court of Criminal Appeals from ruling on and potentially correcting any constitutional errors that may have occurred in connection with the calculation of his street-time credit. Price has therefore failed to show that he exhausted his available state remedies before filing his petition in this Court.

## 2. Meritless

In the alternative, Price's petition should be denied because his claim is meritless. *See* 28 U.S.C. § 2254(b)(2). Price has no constitutionally-protected interest in the street-time credit he lost, so a due process claim based on the loss of that credit and the resulting extension of his sentence, must fail. *See Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013) ("Because [the petitioner] had no protected liberty interest in the street-time credit that he claims to have accrued, his due-process right was not violated."); *see also Flores v. Davis*, No. 2016 WL 6652748, at *3 (S.D. Tex. Nov. 9, 2016) (citing *Rhodes*, 713 F.3d at 267). When assessing whether a petitioner has a protected liberty interest in street-time credit, a court must look to the state law in effect when the petitioner's release was revoked. *Rhodes*, 713 F.3d at 266-67; *see also Archie v. Davis*, 2017 WL 6761926, at *8 (S.D. Tex. Sept. 28, 2017). At the time of Price's parole revocation on April 30, 2019, the applicable state law was Texas Government Code § 508.283. Section 508.283(b) specifically excludes individuals from receiving street-time credit when their release is revoked because they have been convicted of an offense ineligible for mandatory supervision under § 508.149(a). *Rhodes*, 713 F.3d at 266-67; Tex. Gov't Code §§ 508.149(a), 508.283(c).

As noted, Price was convicted of aggravated robbery. He is therefore not eligible for mandatory supervision and is a person described under § 508.149(a)(12). *See Price v. Young*, 2005 WL 839412, at *2 (N.D. Tex. Apr. 11, 2005) ("Because Petitioner states that he was convicted of aggravated robbery in

4

1997, it is clear that under Texas law he is not eligible for release to mandatory supervision."). Because Price falls within § 508.283(a), he is not entitled to street-time credit under § 508.283(b), and he cannot establish a due process violation based on the loss of street-time credit because he has no protected liberty interest in this street-time credit. *See Rhodes*, 713 F.3d at 266-67. In sum, although Price claims he was not notified the revocation of his parole could result in the loss of street-time credit and the extension of his sentence discharge date, he fails to state a claim for a federal due process violation. *See Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir.1989); *see also Osborne v. U.S. Dist. Court, S. Dist. of Mississippi, Biloxi, MS*, 132 F.3d 1456, 1999 WL 803105, at *1 (5th Cir. 1997) (per curiam) ("Because the forfeiture was mandatory, the lack of a notice or hearing did not violate the Due Process Clause.").

On January 26, 2021, the Court received Price's "Motion for Judgment" (ECF No. 12), and on February 10, 2021, the Court received Price's "Motion for Immediate Injunction" (ECF No. 13). In both of these motions, Price raises the same arguments he raised in his petition. Specifically, he claims his due process rights were violated when he was not warned prior to the extension of his sentence discharge date. According to Price, he had a right to notice, verbal or written, or a hearing. He further claims that he has exhausted his state remedies. Price moves for this Court to direct the Texas Department of Criminal Justice Institutional Division Classification Section to amend his discharge date back to the original date of March 8, 2021. As discussed above, Price's identical § 2254 claim is

unexhausted. Additionally, his § 2254 claim lacks merit because there is no constitutionally-protected interest in his street-time credit. Therefore, for the reasons set forth above, Price's Motion for Judgment and Motion for Immediate Injunction should be DENIED.

III.

For the foregoing reasons, the Court should DISMISS without prejudice Price's petition or, in the alternative, DENY it. The Court should also DENY his "Motion for Judgment" (ECF No. 12) and his "Motion for Immediate Injunction" (ECF No. 13).

Signed March 5, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).